## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

JESSIE WAYNE PILLETTE,

      Petitioner,                   Civil No. 2:06-14511
                                     HONORABLE ARTHUR J. TARNOW
v.                                 UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

      Respondent,

_____/

### OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

      Jessie Wayne Pillette, ("Petitioner"), presently confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for assault with intent to commit murder, M.C.L.A. 750.83; two counts of felonious assault, M.C.L.A. 750.82; and three counts of carrying a weapon with unlawful intent, M.C.L.A. 750.226.

      Petitioner has also filed a motion to hold the petition in abeyance in order to permit him to complete post-conviction proceedings in the state courts, in which he is attempting to exhaust several claims contained in his petition which have yet to be presented to the state courts.   For the reasons stated below, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to complete his post-conviction proceedings in the state courts to exhaust his claims.  The Court will also administratively close the case.

1

Dockets.Justia.com

*Pillette v. Berghuis,* 2:06-14511

## I. Background

Petitioner was convicted of the above offenses following a jury trial in the Otsego County Circuit Court.  Petitioner's conviction was affirmed on appeal. *People v. Pillette,* No. 254587 (Mich.Ct.App. June 14, 2005); *lv. den.* 474 Mich. 1068; 711 N.W. 2d 305 (2006).

On March 22, 2006, petitioner filed a post-conviction motion for relief from judgment with the Otsego County Circuit Court, which was denied on May 8, 2006. Petitioner's application for leave to appeal the denial of this motion is pending in the Michigan Court of Appeals.

On October 13, 2006, Petitioner filed the instant application for writ of habeas corpus with this Court. [1]  Petitioner seeks the issuance of a writ of habeas corpus on eight different grounds.  By petitioner's own admission, three of his claims have yet to be exhausted with the state courts.

## II. Discussion

The instant petition is subject to dismissal because it contains claims that, by petitioner's admission, have not been exhausted with the state courts.  As a general rule, a state prisoner seeking federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c).

---

[1]  Under the prison mailbox rule, this Court will assume that Petitioner actually filed his habeas petition on October 13, 2006, the date that it was signed and dated. *See Hudson v. Martin*, 68 F. Supp. 2d 798, 799, n. 2. (E.D. Mich. 1999).

*Pillette v. Berghuis,* 2:06-14511

*Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Foster v. Withrow,* 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001).  Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 124 S. Ct. 2441, 2445 (2004).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Otsego County Circuit Court under M.C.R. 6.502, which he apparently has already done.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he has raised in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

The Court is concerned that in dismissing the current petition outright, there is the possibility that petitioner might be prevented under the AEDPA's one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of his claims in the state courts.  A common circumstance calling for abating a habeas petition arises when the original petition was

3

*Pillette v. Berghuis,* 2:06-14511

timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).  The U.S. Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court, as petitioner has apparently done here, and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 125 S. Ct. 1807, 1813-14 (2005)

A federal district court thus has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005).  However, even where it is appropriate to stay the habeas petition and hold it in abeyance pending exhaustion in the state courts, because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition should not be stayed indefinitely. *Id.* at 1535.  Therefore, district courts should place reasonable time limits on a petitioner's return to state court and back. *Id.* The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the district court should stay, rather than dismiss, the mixed

4

*Pillette v. Berghuis,* 2:06-14511

petition." *Id.* at 1535.

Therefore, in order to avoid petitioner being time-barred from seeking habeas relief following his return to the state courts, the Court will hold the present petition in abeyance.  This tolling, however, is conditioned upon petitioner initiating his state post-conviction remedies, which he has apparently already done, and more importantly, returning to federal court within sixty days of completing the exhaustion of his state court post-conviction remedies. *Hargrove,* 300 F. 3d at 718; *Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).


## III.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus shall be held in abeyance pending the completion of petitioner's state application for post-conviction review.  This tolling is conditioned upon petitioner re-filing his habeas petition within **sixty (60) days** after the conclusion of the state court post-conviction proceedings.

*Pillette v. Berghuis,* 2:06-14511

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to

**CLOSE** this case for statistical purposes only.  Nothing in this order or in the related

docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v.*

*Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).


s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  October 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of
record on October 27, 2006, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary