**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JESSIE WAYNE PILLETTE,

    Petitioner,                              Civil No. 2:06-14511
                                              HONORABLE ARTHUR J. TARNOW
v.                                           UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

## OPINION AND ORDER GRANTING AN EVIDENTIARY HEARING ON PETITIONER'S THIRD INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM AND APPOINTING COUNSEL FOR PETITIONER

Jessie Wayne Pillette, ("Petitioner"), presently confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for assault with intent to commit murder, M.C.L.A. 750.83; two counts of felonious assault, M.C.L.A. 750.82; and three counts of carrying a weapon with unlawful intent, M.C.L.A. 750.226. For the reasons stated below, the Court will **GRANT** an evidentiary hearing with respect to petitioner's third claim, which alleges the ineffective assistance of trial counsel. The Court further orders that counsel shall be appointed to represent petitioner at this evidentiary hearing. The Court further orders that counsel shall submit a supplemental brief in support of petitioner's third ineffective assistance of counsel claim within sixty days of this order. The Court further orders counsel to brief petitioner's second claim that the prosecutor used petitioner's post-*Miranda* silence against him, in violation of the Fifth Amendment.

1

*Pillette v. Berghuis,* U.S.D.C. No. 06-14511

## I. Background

Petitioner was convicted after a jury trial in the Otsego County Circuit Court. For purposes of this order, the Court will briefly summarize the facts.

On August 31, 2003, petitioner was involved in an altercation with several other persons at the trailer park where he resided. It was uncontested that petitioner was badly beaten up by several persons. Prosecution witnesses claim that at some point petitioner retrieved a .20 caliber shotgun and a .22 caliber rifle from his trailer.

Quavis Roby claimed that when he went to petitioner's trailer, petitioner pointed the shotgun at him. Roby, however, was unable to tell whether petitioner tried to pull the trigger. Roby, in fact, conceded that he had "no clue" whether petitioner's fingers were even on the trigger.

Shannon Brower, whose preliminary examination testimony was admitted into evidence after she had been declared unavailable to testify at the trial, indicated that she had heard an audible "click" at the time that the shotgun was pointed at Roby. On cross-examination, Brower, admitted that she assumed that the "click" was from the trigger being pulled, but acknowledged that the sound could have come from a rock or something else. Brower further admitted that she did not actually see petitioner pull the trigger.

After pointing the weapon at Roby, petitioner went outside and purportedly pointed a .22 rifle at Melissa Siirila and told her he was going to kill her. Petitioner, however, did not shoot her. Several witnesses testified that they heard further gunshots, which they believe came from a .22 weapon.

2

*Pillette v. Berghuis,* U.S.D.C. 06-14511

Deputy Nicholas F. Cavanaugh later spoke to petitioner at the hospital, where he was taken after the incident. Cavanaugh described petitioner as "being highly intoxicated" and "irate" with contusions to his face. After being advised of his *Miranda* rights, petitioner told Cavanaugh that he had been jumped. Petitioner informed Cavanaugh that he did not have a rifle and that no shots were fired.

Petitioner testified in his own behalf. Petitioner testified that several other persons began kicking and hitting him, after he got into an altercation with Dennis Washington. Quavis Roby hit petitioner in the side of his eye with a rock, before being pulled off of petitioner by petitioner's roommate, Anthony Kuzia. Washington began choking petitioner from behind. Petitioner was able to break free and grabbed a baseball bat. Petitioner then went to the trailer and grabbed the keys to lock it. Petitioner testified that he almost passed out when he got to the trailer. Petitioner then heard windows breaking, which caused him to go to the gun cabinet and retrieve the .20 gauge shotgun and load it. Petitioner grabbed the .22 caliber rifle, but did not have time to load it.

Petitioner claimed that he went outside the trailer and fired a warning shot. Petitioner heard a number of people screaming and noticed Kuzia standing in front of him with a baseball bat. Petitioner claimed that he put the gun back in the house and went over to Melissa Siirila to see if she was alright. Petitioner then went into the house to load the .22 rifle and brought it back in case the other men came back. Petitioner observed Kuzia running down the street hitting trailers with the bat. Petitioner loaded the gun to capacity and placed it back into the closet.

*Pillette v. Berghuis,* U.S.D.C. 06-14511

The police later responded to petitioner's trailer. Petitioner denied making a statement to the police, other than to tell them that he denied pointing or shooting a gun at anyone. Petitioner only fired one warning shot. Petitioner heard other shots being fired and later discovered that another .22 caliber firearm had been taken from his trailer. Petitioner denied that Roby ever came into the house to speak to him and further denied pointing a gun at Siirila.

After petitioner was convicted of the charges, Helen C. Nieuwenhuis was appointed to represent petitioner on appeal and filed an appeal brief which contained what make up the first two claims that are part of the instant petition. Petitioner also filed a *pro se* Rule 11 supplemental brief on his behalf, in which he raised four claims, including the allegations of ineffective assistance of counsel which make up his third claim. Petitioner's conviction was affirmed on appeal. *People v. Pillette,* No. 254587 (Mich.Ct.App. June 14, 2005). Petitioner then moved for reconsideration, which was denied. *People v. Pillette,* No. 254587 (Mich.Ct.App. August 9, 2005). The Michigan Supreme Court subsequently denied petitioner leave to appeal. *People v. Pillette,* 474 Mich. 1068; 711 N.W. 2d 305 (2006).

Petitioner filed a post-conviction motion for relief from judgment, which was denied. *People v. Pillette,* No. 03-2953-FC (Otsego County Circuit Court, May 8, 2006). Petitioner then filed the instant habeas petition, which was held in abeyance while he completed post-conviction relief. *Pillette v. Berghuis,* No. 2006 WL 3084164 (E.D. Mich. October 27, 2006). Petitioner's subsequent post-conviction appeals were denied. *People v. Pillette,* No. 270513 (Mich.Ct.App. November 28, 2006); *lv. den.* 478 Mich.

866; 731 N.W. 2d 751 (2007). On June 19, 2007, this Court granted petitioner's motion to reopen the habeas petition.

Petitioner seeks the issuance of a writ of habeas corpus on the following grounds:

> I. THE DEFENDANT WAS DENIED HIS DUE PROCESS RIGHT TO A FAIR TRIAL WHEN HIS ATTORNEY, AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL, FAILED TO OBJECT TO THE OFFICER'S TESTIMONY WHEN THE WITNESS WAS NOT QUALIFIED AS AN EXPERT BUT WAS ALLOWED TO TESTIFY ABOUT ISSUES WHICH AN EXPERT SHOULD HAVE TESTIFIED REGARDING BALLISTICS AND WEAPONS.
>
> II. PROSECUTION VIOLATED DEFENDANT'S FIFTH AMENDMENT RIGHT WHEN POST-SILENCE WAS USED AGAINST HIM AT TRIAL.
>
> III. INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO CALL WITNESSES.
>
> IV. VIOLATION OF SEQUESTRATION ORDER.
>
> V. VIOLATION OF RIGHT TO CONFRONTATION.
>
> VI. DEFENDANT MUST BE ALLOWED LEAVE TO RAISE ISSUE OF PROSECUTION'S FAILURE TO PRESENT SUFFICIENT EVIDENCE FOR COUNT ONE INTENT TO MURDER TO SATISFY THE DUE PROCESS STANDARD OF GUILT BEYOND A REASONABLE DOUBT WHERE APPELLATE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO RAISE ISSUE.
>
> VII. DEFENDANT'S CONVICTION MUST BE REVERSED BECAUSE THE PROSECUTION FAILED TO PRESENT SUFFICIENT AMOUNT OF EVIDENCE FOR COUNT ONE INTENT TO MURDER TO SATISFY THE DUE PROCESS STANDARD OF GUILT BEYOND A REASONABLE DOUBT.
>
> VIII. THE COURT MUST WAIVE THE GOOD CAUSE REQUIREMENT BECAUSE OF EXTERNAL FACTORS PREVENTED COUNSEL RAISING ISSUE ON APPEAL OF NEWLY DISCOVERED EVIDENCE MADE

AVAILABLE TO THE DEFENDANT AFTER APPELLATE COUNSEL SUBMITTED DEFENDANT'S BRIEF IN THE COURT OF APPEALS.

## II. Discussion

**The Court will grant an evidentiary hearing on the ineffective assistance of counsel claims contained in Claim # 3.**

In his third claim, petitioner contends that he was deprived of the effective assistance of trial counsel, because his trial counsel failed to call witnesses on his behalf who would have supported petitioner's claim of innocence.

The Court will grant petitioner an evidentiary hearing on the allegations of ineffective assistance of counsel that he has raised in this third claim.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id.* To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's

6

unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

In his third claim, petitioner alleges that his trial counsel was ineffective for failing to call witnesses whom petitioner contends would have established that petitioner was innocent of the charges. Petitioner contends that these witnesses would support his testimony that he never pointed a weapon at Roby, Siriila, or any other person and that he only fired one gunshot into the air.

Petitioner initially raised this complaint at sentencing, when he informed the trial court judge that the witnesses that he wanted called were never subpoenaed as he was told they had been. The trial court ignored petitioner's complaint. (Sent. Tr., p. 5). Petitioner then raised this claim in his *pro per* supplemental brief on appeal. The Michigan Court of Appeals rejected this claim, because petitioner did not specifically name in his brief the witnesses that should have been called to support his defense, nor did he indicate how the proffered witnesses were invaluable to his defense or how their testimony would have affected the outcome of the trial. *Pillette,* Slip. Op. at * 5. Although petitioner attached to his brief the police report statement of Lacey Duckett as an exhibit, the Michigan Court of Appeals, after reviewing Duckett's statement, concluded that petitioner was not deprived of a substantial defense because the statement provided no clear alibi for petitioner when considering it in conjunction with the evidence presented at trial, including petitioner's testimony. *Id.*

Petitioner then filed a *pro per* motion for reconsideration, in which he indicated that he was lead by trial counsel to believe that Megan Kimbler, Enrique Duarte, Mary

7

Barrette, Lacey Duckett, and Anthony Kuzia would be called to testify on petitioner's behalf, in order to prove his innocence. In particular, Kuzia would purportedly testify that he was the only person on the night of the altercation to touch the .20 caliber shotgun that petitioner allegedly used to assault Roby and Siirila with. After the Michigan Court of Appeals denied petitioner's motion for reconsideration, petitioner filed an application for leave to appeal with the Michigan Supreme Court, in which he again raised this claim.

As part of his third claim, petitioner also appears to argue that counsel was ineffective for failing to present evidence that a .22 caliber gun was stolen from petitioner's house on the night in question and that some of the witnesses to the altercation had been involved in the past thefts or illegal discharges of firearms in the same trailer park where the altercation between petitioner and the other persons took place. Petitioner contends that this evidence would establish that another person was responsible for firing the .22 caliber bullets that were found in the trailer park on the night in question. The Michigan Court of Appeals refused to address this portion of petitioner's claim, because petitioner failed to place the issues in the statement of the questions presented, as required by M.C.R. 7.212(C)(5). *Pillette,* Slip. Op. at * 8.

A federal court must grant an evidentiary hearing to a habeas corpus applicant if:

(1) the merits of the factual dispute were not resolved in a state hearing;
(2) the state factual determination is not fairly supported by the record as a whole;
(3) the fact finding procedure in state court was not adequate to afford a full and fair hearing;
(4) there is a substantial allegation of newly discovered evidence;
(5) material facts were not adequately developed at a state court hearing; or

(6) for any reason it appears that state trier of fact did not afford applicant a full and fair fact hearing.

*Townsend v. Sain*, 372 U.S. 293, 313 (1963); 28 U.S.C.A. § 2243.

One of the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) states that if an applicant for a writ of habeas corpus has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that:

(A) the claim relies on:

(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C.§ 2254 (e)(2).

Under the opening clause of § 2254 (e)(2), a failure to develop the factual basis of a claim by a habeas petitioner is not established unless there is a lack of diligence, or some greater fault, attributable to the prisoner or prisoner's counsel. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Diligence for purposes of the opening clause of this subsection of the AEDPA depends upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court; it does not depend upon whether those efforts would have been successful. *Id.* at 435. Diligence will require that the petitioner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. *Id.*

*Pillette v. Berghuis,* U.S.D.C. 06-14511

Federal-state comity is not served by stating that a prisoner has "failed to develop the factual basis of a claim" where he was unable to develop his or her claim in state court despite diligent efforts to do so. In that circumstance, an evidentiary hearing is not barred by U.S.C.§ 2254 (e)(2). *Williams*, 529 U.S. at 437; *See also Gonzalez v. Phillips,* 147 F. Supp. 2d 791, 802-803 (E.D. Mich. 2001). If there is no lack of diligence at the relevant stages in the state proceedings, a petitioner has not failed to develop the facts under the opening clause of the AEDPA governing whether a federal habeas petitioner may obtain an evidentiary hearing on a claim for which a petitioner has failed to develop a factual basis in state court proceedings, and petitioner will be excused from showing compliance with the balance of the subsection's requirements. *Id.*

The Court finds that petitioner is entitled to an evidentiary hearing on the ineffective assistance of counsel claims raised in his third claim. Although both the Michigan Court of Appeals and the respondent contend that the first part of petitioner's third ineffective assistance of counsel claim was unsupported, petitioner attached Lacey Duckett's statement to his supplemental brief on appeal. A review of this statement shows that Duckett informed the police that petitioner only shot his gun once in the air after someone threw something through Tony(Kuzia's) window. Duckett indicated that petitioner had been kicked, hit, and beaten with rocks by several men. Duckett indicated that "no one was threatened, pointed at or on the ground at gun point." Duckett further indicated that petitioner "didn't do half the things that he was being charged with" and was merely trying to protect his friends and his house. Duckett's

10


*Pillette v. Berghuis,* U.S.D.C. 06-14511

statement, if true, would support petitioner's testimony that he never pointed a weapon at anyone.

Moreover, petitioner also attached as an exhibit to his *pro se* supplemental brief a police report which indicated that a .22 caliber gun had been stolen from petitioner's residence at some point. Petitioner also attached as exhibits police reports which indicated that several of the other men who had been involved in the altercation with petitioner on the night in question had previously stolen or discharged weapons in the same trailer park where petitioner resided. M.C.R. 7.212(C)(5) requires a statement of the questions involved, with each issue for appeal separately numbered. *See Dando v. Yukins,* 461 F. 3d 791, 797 (6th Cir. 2006). However, because petitioner's claim that counsel was ineffective for failing to present evidence to show that his .22 caliber weapon had been stolen on the night in question and that some of the other participants in the altercation had been involved with the theft or discharge of weapons could be "effectively inseparable" from his claim that counsel was ineffective for failing to call witnesses on his behalf, "it is far from clear" that petitioner would have had to separately number it in his brief to meet the requirements of M.C.R. 7.212(C)(5). *Id.*

Petitioner's claims, if true, would entitle him to habeas relief. Petitioner is therefore entitled to an evidentiary hearing on his claims.

The Court further finds that petitioner exercised due diligence in attempting to obtain a hearing on these claims in the Michigan courts. Petitioner initially brought his complaint to the trial court at the time of sentencing, but the trial court ignored his complaint. Petitioner then raised these claims in his *pro se* supplemental brief on

appeal, in his motion for reconsideration, and in his application for leave to appeal to the Michigan Supreme Court. "[S]ection 2254(e)(2) bars evidentiary hearings only if it was the *petitioner's* fault that the factual record was not developed in state court." *James v. Brigano,* 470 F. 3d 636, 642 (6th Cir. 2006)(emphasis original). "[W]here it is the state's fault that the habeas factual record is incomplete, the federal district court may grant a hearing under the AEDPA." *Gonzalez,* 147 F. Supp. 2d at 803.

From the record below, it is obvious that any failure to develop petitioner's ineffective assistance of counsel claims was the fault of the state trial and appellate courts, not petitioner's. *James,* 470 F. 3d at 642. At the time of sentencing, petitioner specifically complained to the judge that his counsel had failed to call witnesses on his behalf. The trial court did not respond to his concerns. Although petitioner failed to specifically request an evidentiary hearing on his claim in his Rule 11 supplemental brief on appeal, in the relief section he did request the Michigan Court of Appeals "to reverse his conviction and grant him a new trial, and/or to [grant] any other relief this Honorable Court deems appropriate." In light of the fact that petitioner was essentially proceeding *pro se* at sentencing, at least with respect to his allegations of ineffective assistance of counsel, and later raised his ineffective assistance of counsel claims *pro se* in his supplemental brief on appeal and subsequent motion for reconsideration, petitioner "made his complaints known to the" state trial and appellate courts regarding his ineffective assistance of counsel claims "in as clear terms as he could have been expected to manage." *James,* 470 F. 3d at 642. Moreover, "[D]iligence for purposes of § 2254(e)(2) depends upon 'whether the prisoner made a reasonable attempt, in light of

the information available at the time, to investigate and pursue claims in the state court.'" *McAdoo v. Elo*, 365 F. 3d 487, 500 (6th Cir. 2004)(*quoting Williams*, 529 U.S. at 435). "[G]iven the less stringent standards and active interpretation that are afforded to the filings of pro se litigants,"*See Caver v. Straub,* 349 F. 3d 340, 347 (6th Cir. 2003), this Court believes that petitioner "made a reasonable attempt" to fairly present his ineffective assistance of counsel claims to the state courts and to develop the factual record for these claims, so as to entitle him to a hearing in federal court. Because this Court is ordering an evidentiary hearing, counsel will be appointed for Petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B) and 28 U.S.C. § 2254 Rule 8(c). Appointment of counsel in a habeas proceeding is mandatory if the district court determines that an evidentiary hearing is required. *See Lemeshko v. Wrona,* 325 F. Supp, 2d 778, 787 (E.D. Mich. 2004).

The Court will also order petitioner's counsel to file a supplemental brief on the allegations of ineffective assistance of counsel raised in petitioner's third claim within sixty days of this order. Counsel is also ordered to brief petitioner's second claim that the prosecutor used petitioner's post-*Miranda* silence against him at trial, in violation of his Fifth Amendment right against self-incrimination.

### III.  ORDER

Based upon the foregoing, IT IS HEREBY ORDERED that an evidentiary hearing shall be conducted on the allegations of ineffective assistance of counsel contained in petitioner's third claim.

*Pillette v. Berghuis,* U.S.D.C. 06-14511

IT IS FURTHER ORDERED that counsel shall be appointed to represent petitioner.

IT IS FURTHER ORDERED that counsel shall file a supplemental brief in support of petitioner's second and third claims within sixty days of this order.


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: July 28, 2008

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 28, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary