**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JESSIE WAYNE PILLETTE,

      Petitioner,                      Civil No. 2:06-14511
                                        HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

      Respondent,
_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR DEFAULT**
**JUDGMENT, DENYING THE MOTION TO STRIKE RESPONDENT'S RESPONSE**
**FROM THE RECORD, AND DENYING THE MOTION FOR SUMMARY JUDGMENT**

Jessie Wayne Pillette, ("Petitioner"), presently confined at the Macomb

Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of

habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for

assault with intent to commit murder, M.C.L.A. 750.83; two counts of felonious assault,

M.C.L.A. 750.82; and three counts of carrying a weapon with unlawful intent, M.C.L.A.

750.226.  Petitioner has filed a motion for default judgment, a motion to strike

respondent's response from the record, and a motion for summary judgment.  For the

reasons stated below, the Court will deny petitioner's motions.

Petitioner has brought a motion for default judgment [Court Dkt. # 13], on the

ground that respondent failed to file the response to the petition for writ of habeas

corpus within sixty days of the responsive pleading order.  Petitioner has also filed a

motion to strike the response on the same basis [Court Dkt. # 14].  Petitioner has also

filed a motion for summary judgment [Court Dkt. # 17], in which he asks this Court to

1

grant him habeas relief on his ineffective assistance of appellate counsel and sufficiency of evidence claims.

To the extent that petitioner is requesting this Court to grant him a default judgment because of the respondent's failure to file a timely response to the petition, the Court denies a default judgment, because it is unavailable in a habeas corpus proceeding under 28 U.S.C. § 2254 on the ground that state officials failed to file a timely response to the habeas petition. *Allen v. Perini*, 424 F. 2d 134, 138 (6th Cir. 1970); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 761 (E.D. Mich. 2001). The failure of the State of Michigan to file a timely response does not relieve a habeas petitioner of his or her burden of proving that his or her custody is in violation of United States law. *Allen,* 424 F. 2d at 138. Furthermore, the Court has the discretion in extending the time to file a response to a habeas corpus petition and will choose to do so in this case. *Whitfield,* 157 F. Supp. 2d at 761. Accordingly, the Court denies Petitioner's request for a default judgment.

The Court also denies petitioner's request to strike the late answer that was filed by the respondent. Although an expeditious review of a habeas petition is desirable, a quick adjudication of the petition should not be done at the expense of an incomplete review. *Mahaday v. Cason,* 222 F. Supp. 2d 918, 922 (E.D. Mich. 2002). Accordingly, the Court will not strike the answer to the petition for writ of habeas corpus.

The Court also denies petitioner's motion for summary judgment. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. Proc. 56(c)).  The summary judgment rule applies to habeas proceedings. *Harris v. Stegall,* 157 F. Supp. 2d 743, 746 (E.D. Mich. 2001).  However, a federal district court should not enter a summary judgment in a habeas case if the pleadings or papers present a genuine issue of fact or law. *United States ex. rel. Johnson v. De Robertis*, 718 F. 2d 209, 211 (7th Cir. 1983).

**ORDER**

Based upon the foregoing, IT IS HEREBY ORDERED that the motion for default judgment [Court Dkt. # 13], the motion to strike respondent's response from the record [Court Dkt. # 14], and the motion for summary judgment [Court Dkt. # 17] are DENIED.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  July 28, 2008

I hereby certify that a copy of the foregoing document was served upon party/counsel of record on July 28, 2008, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary