**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JESSIE WAYNE PILLETTE,

    Petitioner,                    Civil No. 2:06-14511
                                        HONORABLE ARTHUR J. TARNOW
v.                                 UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

**OPINION AND ORDER GRANTING THE UNCONDITIONAL WRIT OF HABEAS CORPUS, ORDERING THE EXPUNGMENT OF PETITIONER'S CONVICTION, AND BARRING THE REPROSECUTION OF PETITIONER BY THE STATE OF MICHIGAN.**

On June 19, 2009, this Court granted a writ of habeas corpus to petitioner, on the ground that petitioner had been denied the effective assistance of trial counsel. *Pillette v. Berghuis*, 630 F. Supp. 2d 791 (E.D. Mich. 2009). This Court granted the writ, conditioned upon the State of Michigan granting petitioner a new trial within ninety days of the order. On July 22, 2009, the Court denied respondent's motion for a stay pending appeal. On September 11, 2009, the United States Court of Appeals denied respondent's motion for a stay pending appeal, finding that respondent had failed to establish a strong likelihood of success on appeal. *See Pillette v. Berghuis,* U.S.C.A. No. 09-1921 (6th Cir. September 11, 2009). The 90 day period for bringing petitioner to trial expired on September 17, 2009. As of that date, respondent had not complied with the Court's original order.

1

*Pillette v. Berghuis,* U.S.D.C. 06-CV-14511

When a state fails to comply with the conditions of a grant of conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas corpus requires the petitioner's release from custody. *Satterlee v. Wolfenbarger,* 453 F. 3d 362, 369 (6th Cir. 2006); *See also Fisher v. Rose*, 757 F. 2d 789, 791 (6th Cir. 1985).  The Sixth Circuit "has consistently endorsed the use of conditional writs, whether by affirming district courts that grant them, instructing district courts to grant them, or granting them itself." *Satterlee,* 453 F. 3d at 369, n. 5 (internal citations omitted).  "[S]uch decisions would be meaningless if a habeas court could not order a noncompliant state to release a prisoner." *Id.*  Because the State of Michigan has failed to comply with the terms of the conditional writ, an unconditional writ of habeas corpus shall issue in this case.

The Court orders that the judgment of conviction against petitioner for the offenses of assault with intent to commit murder, two counts of felonious assault, and three counts of carrying a weapon with unlawful intent from the Otsego County Circuit Court from March 8, 2004 shall be vacated and the record of conviction shall be expunged.  This Court has the power to order the expungment of petitioner's conviction as part of the issuance of an unconditional writ. *Satterlee,* 453 F. 3d at 370.  Accordingly, the judgment of conviction against petitioner for these offenses from the Otsego County Circuit Court from March 8, 2004 is vacated and the record of conviction shall be expunged. *Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 777 (E.D. Mich. 2004).  The Clerk of the Circuit Court of Otsego County, Michigan shall forward a copy of this Court's order to any person or agency that was notified of petitioner's arrest or conviction involved with this offense. *Id.*  A certificate of compliance shall be filed with

*Pillette v. Berghuis,* U.S.D.C. 06-CV-14511

this Court within 30 days of the receipt of this order. *Id.*

The sole remaining question is whether the State of Michigan should be permitted to reprosecute petitioner.  As part of its relief, a habeas court may forbid reprosecution in extraordinary circumstances, such as when the state inexcusably, repeatedly, or otherwise abusively fails to act within the prescribed time period or if the state's delay is likely to prejudice the petitioner's ability to mount a defense at trial. *Satterlee,* 453 F. 3d at 370.

This Court believes that the State of Michigan should not be permitted to reprosecute petitioner for these offenses.  The State of Michigan has offered no excuse to this Court or to the Sixth Circuit for its failure to timely cure the error caused by taking steps to bring petitioner back to the Otsego County Circuit Court for a new trial, as this Court had ordered.  This Court expects that its orders will be complied with by the respondent in a timely manner.  To permit the State of Michigan to reprosecute petitioner would amount to an unconscionable windfall to the State of Michigan and would essentially reward them for their noncompliance with this Court's orders.  It would also allow the Respondent to ignore a valid order of this Court.

**IT IS HEREBY ORDERED THAT an Unconditional Writ of Habeas Corpus is GRANTED in accordance with the Court's previous orders.**

**IT IS FURTHER ORDERED that Petitioner's 2004 convictions for Assault With Intent to Commit Murder, Two Counts of Felonious Assault, and Three Counts of Carrying a Concealed Weapon With Unlawful Intent shall be vacated**

*Pillette v. Berghuis,* U.S.D.C. 06-CV-14511

**and expunged from his records by the Clerk of the Circuit Court for Otsego County, Michigan in accordance with the terms previously outlined by the Court.**

**IT IS FURTHER ORDERED THAT the State of Michigan shall be barred from reprosecuting petitioner for these offenses.**


S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  September 18, 2009


I hereby certify that a copy of the foregoing document was served upon counsel of record on September 18, 2009, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary