**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JESSIE WAYNE PILLETTE,

      Petitioner,                Civil No. 2:06-14511
                                  HONORABLE ARTHUR J. TARNOW
v.                             UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

      Respondent,
_____/

**OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR IMMEDIATE**
**CONSIDERATION AND FOR STAY PENDING APPEAL**

On June 19, 2009, this Court granted a writ of habeas corpus to petitioner, on the ground that petitioner had been denied the effective assistance of trial counsel. *Pillette v. Berghuis*, 630 F. Supp. 2d 791 (E.D. Mich. 2009).  This Court granted the writ, conditioned upon the State of Michigan taking action to afford  petitioner a new trial within ninety days of the order.  On July 22, 2009, the Court denied respondent's motion for a stay pending appeal.  On September 11, 2009, the United States Court of Appeals denied respondent's motion for a stay pending appeal, finding that respondent had failed to establish a strong likelihood of success on appeal. *See Pillette v. Berghuis,* U.S.C.A. No. 09-1921 (6th Cir. September 11, 2009).  The 90 day period for bringing petitioner to trial expired on September 17, 2009.  As of that date, respondent had not complied with the Court's original order.

In response to this noncompliance, this Court granted an unconditional writ of habeas corpus, ordered the expungement of petitioner's conviction, and barred

1

*Pillette v. Berghuis,* No. 06-CV-14511

reprosecution of petitioner by the State of Michigan. *See Pillette v. Berghuis,* No. 2009

WL 3048799 (E.D. Mich. September 18, 2009).

Respondent has now filed a notice of appeal from this order. Respondent has

also filed a motion for immediate consideration and for a stay of the unconditional writ

pending appeal. Petitioner has filed an answer in opposition to the motion. For the

reasons that follow, the motion for immediate consideration and for a stay pending

appeal is DENIED.

Respondent failed to take any steps to comply with the conditional writ of habeas

corpus in this case. When a state fails to comply with the conditions of a grant of

conditional writ in habeas corpus proceedings, a conditional grant of a writ of habeas

corpus requires the petitioner's release from custody. *Satterlee v. Wolfenbarger,* 453 F.

3d 362, 369 (6th Cir. 2006). The Sixth Circuit "has consistently endorsed the use of

conditional writs, whether by affirming district courts that grant them, instructing district

courts to grant them, or granting them itself." *Id.* at 369, n. 5 (internal citations omitted).

"[S]uch decisions would be meaningless if a habeas court could not order a

noncompliant state to release a prisoner." *Id.*

Respondent contends that they were unable to set a new trial date for petitioner

within ninety days of the issuance of the conditional writ. This Court, however, did not

order petitioner's trial to commence within ninety days of the writ's issuance. Instead,

this Court indicated that "Unless the State [of Michigan] *takes action* to afford petitioner

a new trial within ninety days of the date of this opinion, he may apply for a writ ordering

respondent to release him from custody forthwith." *Pillette,* 630 F. Supp. 2d at 807

2

*Pillette v. Berghuis,* No. 06-CV-14511

(emphasis added).  Respondent has taken no steps to afford petitioner a new trial in this case.

In *Fisher v. Rose,* 757 F. 2d 789, 791 (6th Cir. 1985), the Sixth Circuit held that a district court abused its discretion in ordering a habeas petitioner's release and barring his re-trial, because of the state trial court's failure to bring the petitioner to trial within ninety days of the affirmance of the grant of habeas corpus, where less than sixty days after the affirmance, the state court appointed counsel for the petitioner, set bond, and scheduled a trial date.  The Sixth Circuit reasoned that the state court's acts of appointing counsel, fixing bond, and setting a trial date indicated that petitioner was no longer being held in custody pursuant to the constitutionally infirm judgment for which habeas relief had been granted, but was instead being held pursuant to the indictment. *Id.* Because the petitioner was not being held pursuant to a constitutionally defective conviction, the district court erred in ordering petitioner's release and barring his re-trial. *Id.* at 791.

By contrast, the State of Michigan has taken absolutely no steps to afford petitioner a new trial.  The State of Michigan did not transfer petitioner back to the Otsego County Jail for trial, no pre-trial bond was set by any state court, and new counsel was not appointed for petitioner.  Further, the Otsego County Circuit Court did not set a pre-trial conference or new trial date within ninety days of the conditional writ's issuance.  This inaction took place even though the Otsego County Circuit Court was informed on June 26, 2009 that this Court had issued a writ of habeas corpus in this case and was later informed on September 11, 2009 that the Sixth Circuit had denied

3

*Pillette v. Berghuis,* No. 06-CV-14511

respondent a stay of proceedings pending the appeal.  The noncompliance in this case
is inexplicable and inexcusable.

  "[W]hat the state appears to have forgotten is that *it did not comply with the
conditional writ.*"  *Satterlee,* 453 F. 3d at 369 (emphasis original).  A conditional writ is
essentially an accommodation accorded to the state.  The writ represents a habeas
corpus court's finding that a constitutional infirmity justifies petitioner's release. *Id.*  The
conditional nature of the order provides the state with a window of time within which it
might cure the constitutional error. *Id.*  In light of the noncompliance with the conditional
writ in this case, this Court had no choice but to issue an unconditional writ.  "[W]hen the
state fails to cure the error, i.e., when it fails to comply with the order's conditions, '[a]
conditional grant of a writ of habeas corpus *requires* the petitioner's release from
custody.'"  *Satterlee,* 453 F. 3d at 369 (*quoting Fisher*, 757 F. 2d at 791)(emphasis
added); *See also Wilkinson v. Dotson*, 544 U.S. 74, 87 (2005)(Scalia, J.,
concurring)("Conditional writs enable habeas courts to give States time to replace an
invalid judgment with a valid one, and the consequence when they fail to do so is
always release.").

  This Court was also within its power to order the expungement of petitioner's
convictions as part of the issuance of an unconditional writ. *Satterlee,* 453 F. 3d at 370;
*See also Ward v. Wolfenbarger,* 340 F. Supp. 2d 773, 777 (E.D. Mich. 2004).

  Finally, this Court did not err in barring the reprosecution of petitioner for these
offenses.  As part of its relief, a habeas court may forbid reprosecution in extraordinary
circumstances, such as when the state inexcusably, repeatedly, or otherwise abusively

4

*Pillette v. Berghuis,* No. 06-CV-14511

fails to act within the prescribed time period or if the state's delay is likely to prejudice

the petitioner's ability to mount a defense at trial. *Satterlee,* 453 F. 3d at 370.

As this Court indicated in its prior order, the State of Michigan should not be

permitted to reprosecute petitioner for these offenses.  The State of Michigan has

offered no excuse to this Court or to the Sixth Circuit for its failure to timely cure the

constitutional error in petitioner's original trial by taking steps to bring petitioner back to

the Otsego County Circuit Court for a new trial, as this Court had ordered.  As this Court

said in its prior order:

> "[T]his Court expects that its orders will be complied with by the
> respondent in a timely manner.  To permit the State of Michigan to
> reprosecute petitioner would amount to an unconscionable windfall to the
> State of Michigan and would essentially reward them for their gross
> noncompliance with this Court's orders.  It would also allow the
> Respondent to ignore a valid order of this Court."
> *Pillette,* No. 2009 WL 3048799, Slip. Op. at * 2.

## ORDER

**IT IS ORDERED THAT Respondent's Motion for Immediate Consideration**

**and For Stay Pending Appeal [Dkt. # 69] is DENIED.**


                                          S/Arthur J. Tarnow_____
                                          Arthur J. Tarnow
Dated:  October 2, 2009                   United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 2,
2009, by electronic and/or ordinary mail.

                                          S/Catherine A. Pickles_____
                                          Judicial Secretary

5