**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JESSIE WAYNE PILLETTE,

Petitioner,

Civil No. 2:06-14511
HONORABLE ARTHUR J. TARNOW

v.

MARY BERGHUIS,

Respondent,
_________________________________/

**OPINION AND ORDER DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT, DENYING A CERTIFICATE OFAPPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

On June 19, 2009, this Court granted a writ of habeas corpus to petitioner, on the ground that petitioner had been denied the effective assistance of trial counsel. This Court denied petitioner relief on his remaining claims. *Pillette v. Berghuis*, 630 F. Supp. 2d 791 (E.D. Mich. 2009). Because respondent failed to afford petitioner a new trial within ninety days of the conditional grant of writ of habeas corpus, this Court granted an unconditional writ of habeas corpus, ordered the expungement of petitioner's conviction, and barred reprosecution of petitioner by the State of Michigan. *See Pillette v. Berghuis*, 683 F. Supp. 2d 518 (E.D.Mich. 2009).

The United States Court of Appeals for the Sixth Circuit subsequently reversed the grant of the writ but affirmed this Court's denial of petitioner's remaining claims. *Pillette v. Berghuis*, 408 Fed. Appx. 873 (6th Cir. 2010); *cert. den.* 132 S. Ct. 125 (2011).

Petitioner has now filed what amounts to a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). For the reasons that follow, the motion for relief from judgment is DENIED.

In his motion for relief from judgment, petitioner contends that this Court erred in failing to conduct an evidentiary hearing on his sixth claim involving his allegation that his appellate counsel was ineffective for failing to raise his sufficiency of evidence claim (Claim # VII) on his appeal of right.

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Id.,* at 532.

Petitioner's motion for relief from judgment is not a second or successive petition, because petitioner only challenges this Court's failure to conduct an evidentiary hearing

on his ineffective assistance of appellate counsel claim, but does not seek to advance a substantive claim. *See Mitchell v. Rees,* 261 Fed. Appx. 825, 829 (6th Cir. 2008).

Nonetheless, a motion for relief from judgment that attacks the integrity of a previous habeas proceeding, but is nevertheless without merit, should simply be denied, as would any other motion for relief from judgment that lacks merit. *See Harris v. U.S.,* 367 F. 3d 74, 82 (2nd Cir. 2004). A Rule 60(b) motion is properly denied where the movant attempts to use the motion to relitigate the merits of a claim and the allegations are unsubstantiated. *See Miles v. Straub,* 90 Fed. Appx. 456, 458 (6th Cir. 2004). A movant under Rule 60(b) likewise fails to demonstrate entitlement to relief when he or she simply rephrases the prior allegations that were contained in the original complaint. *See Johnson v. Unknown Dellatifa*, 357 F. 3d 539, 543 (6th Cir. 2004).

This Court discussed the merits of petitioner's sixth and seventh claims together in its original opinion and order. This Court concluded that there was sufficient evidence to convict petitioner of assault with intent to commit murder, in light of the fact that there was evidence that petitioner pointed a gun at Quavis Roby and attempted to pull the trigger. The Court concluded that testimony from Roby that petitioner pointed the shotgun at him, coupled with testimony from Shannon Brower that she had heard an audible "click" at the time that the shotgun was pointed at Roby, supported such a finding. The Court also noted that after pointing the shotgun at Roby, petitioner went outside and pointed a .22 rifle at Melissa Siirila and told her he was going to kill her. Several witnesses testified that they heard further gunshots, which they believed came from a .22 weapon. This Court concluded that these actions could lead a rational trier

of fact to conclude that petitioner had intended to kill someone. Finally, Deputy Cavanaugh testified that the shell that was removed from the firing chamber of the shotgun bore a distinctive mark that would have been consistent with a firing pin. This evidence supported an inference that petitioner intended to pull the trigger. *Pillette,* 630 F. Supp. 2d at 805-06. Because there was sufficient evidence to convict petitioner of intending to kill Roby, this Court ruled that appellate counsel was not ineffective for failing to raise a sufficiency of evidence claim on his appeal of right. *Id.*

When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claim or claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). "[B]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Id.* If the record refutes the habeas petitioner's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing. *Id.* Stated differently, a habeas petitioner is not entitled to an evidentiary hearing on his claims if they lack merit. *See Stanford v. Parker,* 266 F. 3d 442, 459-60 (6th Cir. 2001).

Because petitioner's ineffective assistance of appellate counsel claim lacked merit, petitioner was not entitled to an evidentiary hearing on this claim. The Court will deny petitioner's motion for relief from judgment.

The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. [1] If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A habeas petitioner is required to obtain a certificate of appealability before he can appeal the denial of a 60(b) motion for relief from judgment which seeks to challenge the judgment in a habeas case. *See United States v. Hardin,* 481 F. 3d 924, 926 (6th Cir. 2007).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v.*

---

[1] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See Hardin,* 481 F. 3d at 926, n. 1.

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment, because he has failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing

that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the motion for relief from judgment is **DENIED WITH PREJUDICE**. (Dkt. # 80).

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. IT IS FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: February 6, 2012

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on February 6, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary