UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSIE WAYNE PILLETTE,

    Petitioner,                             Civil No. 2:06-CV-14511
                                                HONORABLE ARTHUR J. TARNOW
v.                                          UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

    Respondent,
_____/

**OPINION AND ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT [DKT. # 92] AND THE APPLICATION TO PROCEED WITHOUT PREPAYING FEES AND COSTS [DKT. # 93] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

      Jessie Wayne Pillette, ("Petitioner"), confined at the Baraga Correctional Facility in Manistee, Michigan, has filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b), regarding his prior petition for writ of habeas corpus, in which he challenged convictions for assault with intent to commit murder, two counts of felonious assault, and three counts of carrying a weapon with unlawful intent. For the following reasons, the Court concludes that petitioner's motion constitutes a second or successive collateral challenge to his state court conviction and will transfer the motion and the related application to proceed without prepaying fees and costs to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

1

*Pillette v. Berghuis,* 2:06-CV-14511

## I. Background

This Court granted a writ of habeas corpus to petitioner, on the ground that petitioner had been denied the effective assistance of trial counsel. The Court conditioned the writ on the State of Michigan re-trying petitioner within ninety days of the writ or releasing him from custody. This Court denied petitioner relief on his remaining claims. *Pillette v. Berghuis*, 630 F. Supp. 2d 791 (E.D. Mich. 2009). On September 17, 2009, the Michigan Department of Corrections released petitioner from custody at the expiration of the conditional writ's ninety day time period for affording petitioner a new trial.

Because of respondent's failure to afford petitioner a new trial within ninety days of the conditional grant of writ of habeas corpus, this Court on September 18, 2009 granted an unconditional writ of habeas corpus, ordered the expungement of petitioner's conviction, and barred reprosecution of petitioner by the State of Michigan. *See Pillette v. Berghuis*, 683 F. Supp. 2d 518 (E.D.Mich. 2009).

The United States Court of Appeals for the Sixth Circuit subsequently reversed the grant of the writ but affirmed this Court's denial of petitioner's remaining claims. *Pillette v. Berghuis*, 408 F. App'x. 873 (6th Cir. 2010); *cert. den.* 132 S. Ct. 125 (2011).

On January 11, 2011, petitioner was arrested and returned to the custody

*Pillette v. Berghuis,* 2:06-CV-14511

of the Michigan Department of Corrections.

Petitioner subsequently moved to recall the Sixth Circuit's mandate, in part on the ground that the Sixth Circuit, in reversing this Court's grant of a writ of habeas corpus, never considered whether the reversal would amount to double jeopardy. The Sixth Circuit denied petitioner's request to recall the mandate, holding that petitioner was not placed twice in jeopardy by the reversal of the grant of habeas corpus but was simply remanded into custody after his prior release. *Pillette v. Berghuis,* Nos. 09-1921, 09-1922, 09-2244, * 1-2 (6th Cir. June 15, 2012); *cert. den.* 133 S. Ct. 450 (2012).

Petitioner filed a motion with the Sixth Circuit for authorization to file a successive habeas petition. The Sixth concluded that petitioner's double jeopardy claim involving his reincarceration following the reversal of the grant of the writ of habeas corpus did not constitute a second or successive challenge to his convictions, within the meaning of 28 U.S.C. § 2244(3)(b)(A), because the claim challenged events that happened after the filing of his first habeas petition. The Sixth Circuit ruled that petitioner did not need authorization to file a second or successive petition. *In Re Pillette,* U.S.C.A. No. 13-1350, * 2-3 (6th Cir. October 30, 2013). In passing, the Sixth Circuit noted "the likely failure of" petitioner's Double Jeopardy claim, because his conviction was merely reinstated. *Id.* at * 3.

Petitioner filed a petition for writ of habeas corpus, claiming that his

*Pillette v. Berghuis,* 2:06-CV-14511

reincarceration following the reversal of the grant of the writ violated the Double Jeopardy Clause. The Court summarily dismissed the petition for failing to state a claim upon which relief could be granted. See *Pillette v. Curtin,* 2:13-CV-14777 E.D. Mich. Jan. 23, 2014); *app. dism.* No. 14-1164 (6th Cir. Jul. 24, 2014).

Petitioner has since been denied permission by the United States Court of Appeals for the Sixth Circuit to file a successive habeas petition. *In re Pillette,* No. 14-2010 (6th Cir. Dec. 12, 2014).

Petitioner has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of 28 U.S.C. § 2244(b). *See Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). On the other hand, when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred

4

*Pillette v. Berghuis,* 2:06-CV-14511

to the circuit court for consideration as a second or successive habeas petition. *Id.,* at 532.  A Rule 60(b) motion is not considered to be raising a claim on the merits when the motion "merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.,* at 532, n. 4.

      Petitioner claims that this Court has participated in judicial corruption and a cover-up of police corruption.  Petitioner further claims that this Court has accepted everything that the Attorney General's office stated as a fact even though he claims that much of what they have argued is untrue.  Petitioner claims that one of the officers committed perjury at his trial concerning the gun or ballistics.  Petitioner further claims that this officer threatened witnesses.  Petitioner further challenges the sufficiency of the evidence to convict him.  Petitioner further argues that he was acting in self-defense when he discharged his weapon.  Petitioner further argues that his trial counsel was ineffective.  Petitioner further claims that he never waived his *Miranda* rights.  Petitioner again challenges the decision to reincarercate him after his conviction was reinstated by the Sixth Circuit.  Petitioner further appears to rehash many of the facts that were discussed in the Court's original opinion and order granting in part and denying in part the petition for writ of habeas corpus.  Petitioner further accuses some of the

*Pillette v. Berghuis,* 2:06-CV-14511

victims in this case of playing the "race card," presumably because they are African-American.

Petitioner's motion for relief from judgment is in reality an attempt to file a second or successive habeas petition because the motion seeks to re-litigate the claims that he raised in either of his two prior habeas petitions. *See In re Bowling*, 422 F. 3d 434, 440 (6th Cir. 2005). To the extent that petitioner is raising new substantive claims in his Rule 60(b) motion, this would likewise be a successive attempt to challenge his conviction. When a motion for relief from judgment in a habeas proceeding seeks to add a new ground for relief, whether similar to or different from the claims raised in the first petition, the motion should generally be treated as a second or successive petition. *See Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order

*Pillette v. Berghuis,* 2:06-CV-14511

from the court of appeals authorizing the filing of such a successive motion or petition. *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 825-26 (E.D. Mich. 2004). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 826; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). Petitioner's current Rule 60(b) motion is a successive petition for a writ of habeas corpus and he is thus required to obtain a certificate of authorization.

## ORDER

The Court **ORDERS** that:

The Clerk of the Court is **ORDERED** to transfer the motion for relief from judgment [Dkt. # 92] and the related application to proceed without prepaying fees or costs [Dkt. # 93] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

s/Arthur J. Tarnow
**HON. ARTHUR J. TARNOW**
UNITED STATES DISTRICT JUDGE

Dated: September 20, 2016